UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GREGORY L. DOLAN,**

        **Plaintiff,**

v.                                         **Case No:   6:16-cv-2143-Orl-41GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Gregory Dolan (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error because he: 1) applied improper legal standards to a Mental Residual Functional Capacity Assessment from Dr. Timothy Reid, Claimant's treating physician; and 2) failed to properly evaluate Claimant's use of a cane at step four of the sequential evaluation process. Doc. No. 15 at 9-11, 16-18. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. *Id.* at 22. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

### I. PROCEDURAL BACKGROUND

On February 1, 2013, Claimant filed his applications for DIB and SSI. R. 30. Claimant alleges an onset date of June 6, 2008. *Id.* On May 1, 2013, Claimant's applications were denied initially. R. 165, 170. On June 24, 2013, Claimant's applications were denied upon

reconsideration. R. 180, 186. On July 15, 2013, Claimant filed a request for hearing. R. 191. On May 26, 2015, Claimant attended a hearing before the ALJ. R. 50-82. On July 7, 2015, the ALJ issued an unfavorable decision. R. 30-43. On August 10, 2015, Claimant requested review of the ALJ's decision. R. 8. On October 24, 2016, the Appeals Council denied Plaintiff's request. R. 1-5. On December 13, 2016, Claimant filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.     ANALYSIS

#### A.  Dr. Reid

On June 16, 2014, Dr. Reid completed a Mental Residual Functional Capacity Assessment (the "MRFC Form"). R. 553-555. In the section one of the MRFC Form, titled "Summary Conclusions," Dr. Reid found marked limitations in Claimant's ability to: 1) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; 2) accept instructions and respond appropriately to criticism from supervisors; and 3) get along with coworkers or peers without distracting them or exhibiting behavioral extremes. R. 554. Dr. Reid made these findings through checkmark boxes in the MRFC Form. *Id.*

The ALJ gave little weight to the portion of the MRFC Form that indicated Claimant has marked limitations when interacting with coworkers and supervisors. R. 40 (citing R. 553-555). Claimant argues that the ALJ committed reversible error by failing to specifically weigh the portion of the MRFC Form that indicated Claimant had marked limitations in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Doc. No. 15 at 9-11.

In *Jones v. Comm'r of Soc. Sec.*, 478 Fed. Appx. 610, 612 (11th Cir. 2012), the Eleventh Circuit held that the checkmark boxes in section one of an MRFC Form do not constitute a physician's assessment regarding a claimant's residual functional capacity ("RFC").[1] *Id.* Instead, the checkmark boxes are used as an aid for the physician to render a functional capacity assessment, which is given in section three of the MRFC Form. *Id. See also Land v. Comm'r of*

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Soc. Sec.,* 494 Fed. Appx. 47, 49–50 (11th Cir. 2012) (noting that checking the box in section one of an MRFC Form does not indicate the degree and extent of a limitation but rather is an aid before a physician renders an actual opinion on a claimant's RFC). Because the checkmark boxes in section one of the MRFC Form do not constitute medical opinions, they are not entitled to any specific weight. *Id.* Based on the foregoing, it is recommended that the Court find no reversible error in the ALJ's treatment of the MRFC Form.

### B. Claimant's Credibility

At step two, the ALJ found that Claimant had the following severe impairments: lumbar disc disease requiring fusion surgery, a history of a left elbow fracture with degenerative changes, anemia, hypertension, obesity, anxiety disorder, depressive disorder, and a history of alcohol abuse. R. 32. At step four, the ALJ found that Claimant had the RFC to perform light work with certain exertional and nonexertional limitations.[2] R. 35. The ALJ also found Claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms not credible. R. 36. When determining Claimant's credibility, the ALJ stated:

> [Claimant's] subsequent diagnostic records establish that [his] physical impairments may cause residual musculoskeletal pain but do not preclude [him] from performing limited light work tasks …. [Claimant's] September 2010 left hip x-ray showed early degenerative arthritis in this region, and [his] April 2013 left elbow x-ray showed healed prior fractures with some residual degenerative changes. [R. 343-44, 388-90, 397]. Nevertheless, as of … April 23,

---

[2] The Social Security Regulations define light work as:

> (b) Light work. Light work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds. <u>Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.</u> If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (emphasis added).

> 2013, [Claimant] noted that despite such conditions, he "remains capable of performing [his] activities of daily living without assistance." [Claimant] also has consistently walked with a normal gait[,] achieved unremarkable physical exam results, and … repeatedly noted that he only occasionally uses his prescribed cane. [R. 443, 528, 595, 674].

R. 37 (emphasis added). Thus, the ALJ found Claimant's statements regarding his physical impairments not credible because, *inter alia*, Claimant consistently walked with a normal gait, achieved unremarkable physical exam results, and repeatedly noted that he occasionally uses his prescribed cane. *Id.* The ALJ cited several medical records to support his finding. *Id.* The first document cited makes no mention of Claimant's gait, physical exam, or whether Claimant uses a cane. R. 443. The second document is a treatment note that simply states that Claimant ambulates slowly with a cane.[3] R. 528. The third document simply states that Claimant uses a cane to ambulate. R. 595. The last document is substantively the same as the second document.[4] R. 674.

Claimant argues that the ALJ failed to properly consider Claimant's use of a cane when determining Claimant's credibility because the treatment notes cited by the ALJ do not support his finding. Doc. No. 15 at 16-18. The Commissioner, citing Social Security Ruling 96-9p, argues that the ALJ properly considered Claimant's use of a cane. *Id.* at 18-20.[5] As noted above, the documents cited by the ALJ contain no information: 1) regarding Claimant's gait and unremarkable physical exam results; or 2) supporting the ALJ's finding that Claimant only occasionally uses his prescribed cane. *See supra* p. 5 (citing R. 443, 528, 595, 674). Thus, the ALJ misstated the record when determining Claimant's credibility. *Id.*

---

[3] The document does show normal mental exam findings but contains no physical exam findings. R. 528.
[4] *See supra*, n.3. R. 674.
[5] Social Security Ruling 96-9p provides that in order to determine that a hand-held assistive device is medically required, there must be medical evidence that: 1) establishes the need for the device in aid of walking or standing; and 2) describes the circumstances for which it is needed. SSR 96-9p, 1996 WL 374185, at * 7 (1996).

In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's misstatement of fact is harmless error if it does not affect the ALJ's conclusion. Here, however, the ALJ improperly relied on such misstatements to find Claimant's statements regarding the effects of his physical impairments not credible. R. 37. Thus, because the ALJ's misstatements of record substantially affected his decision, remand is necessary. *See Mills v. Colvin*, No. CV413–044, 2014 WL 2212211, at * 6-7 (S.D. Ga. May 28, 2014) ("When such misrepresentations are material to the determination of the degree of impairment, a reviewing court cannot say that the ALJ conducted a careful and thorough review of the record or that his decision is based on substantial evidence") (citing authority). Based on the foregoing, it is recommended that the Court find reversible error in the ALJ's credibility finding and remand the case for further proceedings.[6]

## IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1.   **REVERSE** and **REMAND** the Commissioner's final decision for further proceedings pursuant to sentence four of Section 405(g); and

2.   Direct the Clerk to award judgment in favor of Claimant and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[6] The Commissioner's citation to SSR 96-9p fails to grasp the context of the ALJ's finding. While the ALJ did find that Claimant repeatedly noted that he only occasionally uses his prescribed cane, the ALJ also found that Claimant walked with a normal gait and achieved unremarkable physical exam results. R. 37. Thus, the central issue with regard to the ALJ's finding is not whether the ALJ properly considered Claimant's use of a cane, but whether the ALJ's finding that the Claimant walked with a normal gait, achieved unremarkable physical exam results, and repeatedly noted that he occasionally uses his prescribed cane is supported by substantial evidence.

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

  Recommended in Orlando, Florida on October 23, 2017.

                  _____
                  GREGORY J. KELLY
                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy