UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GREGORY L. DOLAN,**

      **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

Case No: 6:16-cv-02143-41GJK

## ORDER

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1), which seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for disability insurance benefits and supplemental security income. On October 23, 2017, United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 16), in which he recommends that the Commissioner's final decision be reversed and remanded for further proceedings. The Commissioner filed an Objection to the R&R (Doc. 17), to which Plaintiff filed a Response (Doc. 18). After a *de novo* review of the record, the Court will adopt and confirm the R&R.

### I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per

curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

In the instant appeal, Plaintiff contends that the Administrative Law Judge ("ALJ") committed reversible error by: 1) applying improper legal standards to a Mental Residual Functional Capacity Assessment ("MRFC") form completed by Dr. Timothy L. Reid, Plaintiff's treating physician (the "First Issue"); and 2) failing to properly evaluate Plaintiff's use of a cane and failing to include any consideration of Plaintiff's need for a cane in the hypothetical questions posed to the vocational expert (the "Second Issue"). (Joint Mem., Doc. 15, at 9–11, 16–18).

On referral, Judge Kelly found no reversible error with respect to the First Issue, (Doc. 16 at 3–4), but determined that the ALJ committed reversible error with respect to the Second Issue by misstating the evidence and then "improperly rel[ying] on such misstatements to find [Plaintiff]'s [testimony] regarding the effects of his physical impairments not credible[,]" (*id.* at 4–6). Therefore, Judge Kelly recommends that the Court reverse and remand the ALJ's decision. In the Objection, the Commissioner argues that the Court should reject the R&R because Magistrate Kelly incorrectly framed the Second Issue by reviewing the ALJ's credibility finding rather than limiting his review to the actual issue—Plaintiff's alleged use of a cane. (Doc. 17 at 2–3). The Court is unpersuaded.

Regardless of how the Second Issue is framed, it is plainly obvious that the ALJ failed to cite evidence supporting his conclusion with regard to Plaintiff's use of a cane. In his decision, the ALJ states that Plaintiff "repeatedly noted he only occasionally uses his prescribed cane." (Tr. 37 (citing Ex. C4F at 49; Ex. C5F at 14; Ex. C8F at 29; Ex. C11F at 22). Notably, however, none of exhibits cited by the ALJ reflect that Plaintiff only uses his prescribed cane occasionally. (*See* Tr.

443, 528, 595, 674). Instead, the exhibits cited by the ALJ only note that Plaintiff "slowly ambulates with cane" or that he "[u]ses a cane to ambulate." (Tr. 528, 595, 674).

Despite the ALJ's failure to cite to evidence supporting his finding, the Commissioner argues that the ALJ properly considered Plaintiff's need for a cane and properly found that Plaintiff's alleged cane use did not warrant inclusion in the RFC. (Doc. 15 at 19–20). In making this argument, however, the Commissioner points to evidence in the record capable of supporting such a finding rather than the reasons and evidence articulated by the ALJ. (*See id.*). In evaluating whether the ALJ articulated a basis for its decision, the Court may not rely upon the Commissioner's post-hoc rationalizations. Instead, it must look to the justification provided by the ALJ in the record. *See Baker v. Comm'r of Soc. Sec.*, 384 Fed. App'x. 893, 896 (11th Cir. 2010) (per curiam) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions. If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (citation omitted). Here, the ALJ failed to cite evidence supporting his finding that Plaintiff only uses his cane on occasion. Accordingly, the Court cannot conclude that the ALJ properly considered Plaintiff's use of a cane, or that his failure to include Plaintiff's cane use in the RFC determination is supported by substantial evidence. As such, the appropriate remedy is to reverse and remand this action for additional proceedings.

In an attempt to avoid remand, the Commissioner argues that even if the ALJ erred by not considering Plaintiff's use of a cane in the RFC any such error would be harmless because the ALJ posed a hypothetical contemplating Plaintiff's need to change positions (sit/stand) for two minutes every thirty minutes, and the vocational expert testified that all the jobs he identified could be performed while standing or sitting. (Doc. 15 at 21; *see also* Tr. 78–79). The Court is again, unpersuaded.

Use of a "medically required hand-held assistive device" may "significantly erode[]" the "occupational base for [a claimant] who must use such a device."[1] SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). Thus, if a claimant has a genuine medical need for a cane, such a limitation should be included in the hypothetical questions the ALJ presents to the vocational expert. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (explaining that "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments").

In the instant case, the ALJ did not ask the vocational expert how Plaintiff's alleged need for the use of a cane would impact or erode the available occupation base. The inclusion of a sit/stand option in the ALJ's hypothetical to the vocational expert did not sufficiently address this issue because, as the regulations indicate, the need for a cane may significantly erode the job base for light work notwithstanding a sit/stand option. Therefore, the Court cannot conclusively find that the ALJ's failure to consider Plaintiff's need for a cane in the RFC constitutes harmless error. Accordingly, the Commissioner's final decision in this case is reversed and remanded for further proceedings.

### III.  CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 16) is **ADOPTED** and **CONFIRMED** and made part of this Order.

---

[1] The occupational base is not significantly eroded if the hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base, but it may be significantly eroded if the individual needs the device for balance. *See* SSR 96-9p at *7.

2. The Commissioner's final decision in this case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

3. The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record